

**FILED & ENTERED**

**DEC 01 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Barron Gardner, Debtor<br><br>Kerri Young Conaway,<br>                                             Plaintiff<br>         v.<br>Barron Gardner,<br>                                             Defendant | Case No.:   2:14-bk-15576-ER<br>Adv. No.:   2:14-ap-01465-ER<br><br>**MEMORANDUM OF DECISION FINDING THAT PLAINTIFF IS NOT ENTITLED TO (1) A JUDGMENT OF NON-DISCHARGEABILITY PURSUANT TO §§523(A)(2)(A), 523(A)(4), OR 523(A)(6); OR (2) A JUDGMENT DENYING DEFENDANT'S DISCHARGE PURSUANT TO §§727(A)(4) OR 727(A)(5)**<br><br>Date:        November 19, 2015<br>Time:       9:00 a.m.<br>Location:  Ctrm. 1568<br>                 Roybal Federal Building<br>                 255 East Temple Street<br>                 Los Angeles, CA 90012 |

   The Court conducted a trial in this matter at the above-captioned date and time. This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable to these proceedings by Fed. R. Bankr. P. 7052.
   The Court finds that Kerri Young Conaway ("Plaintiff") is not entitled to a judgment that indebtedness of Barron Gardner ("Defendant") is non-dischargeable pursuant to §§523(a)(2)(A), 523(a)(4), or 523(a)(6). The Court finds that Plaintiff is not entitled to a judgment denying Defendant's discharge pursuant to §§727(a)(4) or 727(a)(5).

# I. Introduction

### A. Plaintiff's Complaint

Plaintiff obtained a judgment in the amount of $312,374.11 ("State Court Judgment") in the Los Angeles Superior Court ("State Court") against Defendant, and against two of Defendant's corporations, Barron's Moving, Inc. and BFG Enterprises, Inc. ("State Court Action"). Complaint to Determine Dischargeability and in Objection to Discharge ("Complaint") [Doc. No. 1] at ¶¶6–8 and Exhibit A.

The State Court Action asserted claims for breach of contract and fraud, based upon the following: Defendant operated a storage facility at which Plaintiff's husband stored furniture and memorabilia. *Id.* at ¶¶11–13. Following Plaintiff's husband's death, Plaintiff attempted to retrieve the belongings. *Id.* at ¶14. Notwithstanding multiple demands, Defendant refused to permit Plaintiff to access the storage facility. *Id.*

The State Court Judgment of $312,374.11 was based on the $298,000 replacement cost of the lost property; $820 to compensate Plaintiff for time lost from work when she unsuccessfully attempted to retrieve the property; $2,280 in storage fees paid to Defendant; $480 in moving costs paid during unsuccessful attempts to recover the property; and $10,794.11 in attorneys' fees. *Id.* at ¶15 and Exhibit A. The State Court also ordered Defendants to "immediately deliver to Plaintiff all property presently or previously contained in storage units rented by Jeffrey Conaway [Plaintiff's deceased husband], at Defendants' sole cost and expense." *Id.* at ¶8 and Exhibit A. According to Plaintiff, Defendant has never complied with this order. *Id.* at ¶29.

*1. Claims for Relief under §§523(a)(2)(A), (a)(4), and (a)(6)*

Plaintiff contends that the State Court Judgment is non-dischargeable pursuant to §§523(a)(2), (a)(4), and (a)(6).

With respect to §523(a)(2)(A),[1] Plaintiff contends that the State Court Judgment is non-dischargeable because "[Defendant] GARDNER's conduct at the time that he entered into the Agreement with [Plaintiff] CONAWAY constitutes false pretenses and/or false representations, which [Defendant] GARDNER knew to be false and/or which GARDNER made with reckless disregard as to their truth or falsity." Complaint ¶27. It is not clear from the Complaint precisely which Agreement Defendant entered into under false pretenses; "Agreement" is not a defined term. However, it appears that the Agreement referenced in ¶27 pertains to allegations in ¶12: "The Defendants in the State Court Case, including Defendant GARDNER herein, falsely told Plaintiff that four storage units rented by Plaintiff's recently-deceased husband would be placed in her name, and that Plaintiff would be given unrestricted access to these storage units without further charge, so she could recover her property. However, Defendants failed and refused to put the rental units in Plaintiff's name, and refused to grant access to the units, and wrongfully withheld all of the property stored in the units." *Id.* at ¶12.

With respect to §523(a)(4), Plaintiff contends that Defendant's refusal to return the property constitutes embezzlement and larceny. *Id.* at ¶¶28–30.

---

[1] The Complaint refers to §523(a)(2). The Court construes the claim for relief as being brought under §523(a)(2)(A). The facts of the Complaint do not support a claim for relief under §523(a)(2)(B). There are no allegations regarding Defendant's use of a statement in writing.

With respect to §523(a)(6), Plaintiff contends that the State Court Judgment is non-dischargeable because "[a]fter [Defendant] GARDNER transferred and/or hid his assets [sic; should read "Plaintiff's assets"], he set out on a course of conduct intended deliberately to damage and harass [Plaintiff] CONAWAY. [Defendant] GARDNER has failed and refused to comply with the Judgment and Order signed by the Judge in the State Court Case on April 10, 2013, and has continued to hold property belonging to Plaintiff." *Id.* at ¶29.

*2. Claims for Relief under §§727(a)(4)(A) and (a)(5)*

Plaintiff contends that Defendant is not entitled to a discharge pursuant to §§727(a)(4)(A) and 727(a)(5). With respect to §727(a)(4)(A), Plaintiff alleges that Defendant failed to list his interests in Barron's Moving, Inc. and BFG Enterprises, Inc. on Schedule B., and should be denied a discharge on that basis. *Id.* at ¶¶17–21. With respect to §727(a)(5), Plaintiff alleges that Defendant has wrongfully retained Plaintiff's property, and has failed to offer any explanation for the loss of Plaintiff's property. *Id.* at ¶¶22–25.

**B. Plaintiff's Failure to Appear at Trial**

Throughout the entire action, Plaintiff has appeared pro se. At trial, Richard D. Farkas ("Farkas"), who represented Plaintiff in the State Court Action but has not appeared in the dischargeability action, made what he characterized as a "special appearance" on Plaintiff's behalf. When asked about the status of representation by the Court, Farkas stated that he had not substituted into the case and was not planning on substituting into the case. Instead, Farkas stated that he was specially appearing "for purposes of advising the Court of what is going on."[2]

Farkas submitted a letter from Plaintiff's psychologist, dated November 18, 2015 ("Letter") (attached as Appendix A), which states in relevant part:

> I have diagnosed Ms. Conaway [Plaintiff] with Acute Stress Disorder resulting from a series of events related to the prolonged and unresolved situation involving the recovery or compensation of her personal property. In addition, Ms. Conaway suffers from Panic Disorder, which is an acute anxiety disorder characterized by debilitating panic attacks. Ms. Conaway expressed extreme anxiety about appearing in court to settle this issue, and was on the verge of a panic attack, just discussing the situation….
>
> Ms. Conaway appears to be a compassionate and sensitive person who has worked hard to understand and solve problems. However, as time has gone on, and the attempt to recover her property has remained unresolved despite her genuine efforts, her stress levels have evolved into panic attacks, difficulty sleeping, hopelessness, and clinical depression. A thorough diagnostic history suggests that her symptoms are situational, and not a propensity toward depression and anxiety in general.
>
> In my professional opinion, Ms. Conaway's symptoms render her incapable to appear in court without experiencing severe anxiety and panic. Currently, Ms. Conaway is in a psychologically fragile state. For these reasons, I am asking for consideration in allowing Ms. Conaway to be represented in court by her counsel and other arrangements are made for her to provide her testimony without having to appear in the courtroom.

Based upon the Letter, Farkas requested that the trial go forward based upon Plaintiff's sworn affidavit, without Plaintiff's testimony being provided in open court. Farkas stated: "I was present for essentially all of the circumstances, and I can attest to the truth and accuracy of the facts in her affidavit as well as mine."

---

[2] Audio of the trial proceedings is on file with the Clerk of the Court.

The Court declined to permit the trial to continue under the terms proposed by Farkas, and took the matter under submission.

## II. Findings of Fact and Conclusions of Law

Plaintiff is not entitled to a judgment that indebtedness established by the State Court Judgment is non-dischargeable, and Plaintiff is not entitled to a judgment denying Defendant's discharge.

With respect to Plaintiff's claims under §§523(a)(2)(A), 523(a)(4) (larceny), and 727(a)(5), the Court finds that the Complaint fails to state a claim upon which relief can be granted. With respect to Plaintiff's claims under §§523(a)(4) (embezzlement) and 523(a)(6), the Court finds that as a result of Plaintiff's inability to testify, Plaintiff has failed to establish, by a preponderance of the evidence, that she is entitled to the relief requested. With respect to Plaintiff's claim under §727(a)(4), the Court finds that Plaintiff has failed to establish, by a preponderance of the evidence, that she is entitled to the relief requested.

### A. As a Result of Plaintiff's Inability to Testify, Plaintiff has Failed to Establish Entitlement to Relief under §§ 523(a)(4) (embezzlement) and 523(a)(6)

Fed. R. Civ. P. 43(a) provides[3]: "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

Plaintiff's attempt to prove her case at trial without providing live testimony and without submitting to cross examination contravenes the express requirements of Civil Rule 43. Plaintiff has identified no federal statute or rules excusing her from testifying in open court. Under these circumstances, the Court cannot permit Plaintiff to introduce testimony by declaration without appearing in Court. To do so would amount to a serious violation of Defendant's due process rights.

Although the Court is sympathetic to Plaintiff's "psychologically fragile state," that sympathy cannot justify overturning well-established provisions of the Civil Rules or conducting a trial that does not meet constitutionally-mandated due process standards. Since it appears from the Letter that Plaintiff will not be able to offer live testimony at any time in the foreseeable future, the Court's only recourse is to find that Plaintiff has failed to establish, by a preponderance of the evidence, that Defendant's indebtedness is non-dischargeable.

Farkas' offer to supply testimony in lieu of Plaintiff is unavailing. Plaintiff's claims under §§523(a)(4) and (a)(6) are predicated upon Defendant's alleged wrongful retention of Plaintiff's deceased husband's property. The Court's review of Plaintiff's affidavit shows that Plaintiff's testimony is indispensable to establishing Plaintiff's claims under §§523(a)(4) and (a)(6). Although Farkas sent letters to Defendant demanding that Plaintiff be permitted to access the storage unit, Farkas was not present when Plaintiff was allegedly denied access to the unit on May 28, 2011; June 29, 2011; July 20, 2011; August 6, 2011; and August 26, 2011. *See* Conaway Affidavit [Doc. No. 50] at ¶¶ 27, 32, 35, 39, and 49. Plaintiff cannot establish that

---

[3] Fed. R. Civ. P. 43 is made applicable to these proceedings by Fed. R. Bankr. P. 9017.

Defendant embezzled her property, or that Defendant committed willful and malicious injury to her property, without testifying about the events regarding Defendant's retention of that property.

In addition, to establish that Defendant acted willfully and is therefore liable under §523(a)(6), Plaintiff must show that Defendant harbored "either subjective intent to harm, or a subjective belief that harm is substantially certain." *Plyam v. Precision Development, LLC (In re Plyam)*, 530 B.R. 456, 463 (9th Cir. B.A.P. 2015) (internal citations omitted). To make this showing, Plaintiff's affidavit contains a detailed recitation of an encounter between Defendant and Plaintiff that occurred on August 26, 2011. According to the affidavit, on August 26 Plaintiff attempted, for the fourth time, to retrieve the property that Defendant was withholding. After refusing to grant Plaintiff access to the storage unit, Defendant "then asked me to come into his office, and I complied. Defendant GARDNER asked me, 'What is in those units that are so important to you?' This was my final breaking point…. I broke down and cried, again. Barely able to breathe, or talk, and appalled at the question, I replied that 'it was my husband's life and mine.' I felt quite intimidated and I was afraid. [Defendant's employee] Wilheim wanted nothing to do with me. He was very rude and screaming at me; he kept repeating he wanted a Court document." Conaway Affidavit ¶¶ 57–58.

These allegations, which demonstrate Defendant's culpable state of mind, are integral to establishing that Defendant acted willfully within the meaning of §523(a)(6). Given their significance, it would be improper to allow Plaintiff to attempt to establish these facts solely by declaration testimony without the opportunity for cross examination.

**B. Plaintiff is Not Entitled to a Judgment of Non-Dischargeability Pursuant to §523(a)(2)(A)**

Section 523(a)(2)(A) provides: "A discharge under section 727 … of this title does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

A creditor seeking to have a debt declared nondischargeable has the burden of proof under the preponderance of the evidence standard. *Grogan v. Garner*, 498 U.S. 279, 287, 111 S.Ct. 654 (1991). To prevail on a § 523(a)(2)(A) claim, a creditor must prove that:

   (1) the debtor made the representations;
   (2) that at the time he knew they were false;
   (3) that he made them with the intention and purpose of deceiving the creditor;
   (4) that the creditor relied on such representations; and
   (5) that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*In re Sabban*, 600 F.3d 1219, 1222 (9th Cir. 2010).

Defendant's false representations—statements that the storage units would be placed under Plaintiff's name and that Plaintiff would then be granted access—were made only after Defendant allegedly began wrongfully retaining Plaintiff's property. As a result, the representations were not causally connected to Plaintiff's loss and cannot supply the basis for §523(a)(2)(A) liability. To state a claim for relief under §523(a)(2)(A), Plaintiff would have to have alleged that Defendant made false representations to induce Plaintiff's husband to store the

items at the facility. The Complaint contains no allegations that Defendant made any false representations prior to acquiring custody of the property. The §523(a)(2)(A) allegations do not state a claim upon which relief can be granted.

**C. Plaintiff is Not Entitled to a Judgment Denying Defendant's Discharge Pursuant to Section 727(a)(4)**

Section 727(a)(4) provides: "The court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account."

Plaintiff asserts that the Court should find that Defendant is not entitled to a discharge based upon Defendant's failure to schedule any interest in Barron's Moving, Inc. and BFG Enterprises, Inc. Plaintiff is correct that Defendant's Schedule B lists no interest in any incorporated or unincorporated businesses. However, Plaintiff has also alleged that in 2011, Defendant informed Plaintiff that he had lost the lease on the property where his storage business was located and that "I'm on the verge of bankruptcy." Conaway Affidavit at ¶67. Plaintiff has also alleged that Barron's Moving, Inc. and BFG Enterprises, Inc. have been suspended by the California Secretary of State. Complaint at ¶11. Finally, the Chapter 7 Trustee in Defendant's case issued a no-asset report on June 23, 2014.

These facts suggest that even if Defendant had an interest in Barron's Moving, Inc. and BFG Enterprises, Inc., that interest had little or no value. Moreover, Plaintiff has submitted no evidence to suggest that Defendant's failure to list the suspended entities on Schedule B was done "knowingly and fraudulently." Plaintiff has failed to demonstrate, by a preponderance of the evidence, that Defendant is not entitled to discharge under §727(a)(4).

**D. Plaintiff is Not Entitled to a Judgment Denying Defendant's Discharge Pursuant to Section 727(a)(5)**

Section 727(a)(5) provides: "The court shall grant the debtor a discharge, unless the debtor has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets or deficiency of assets to meet the debtor's liabilities."

Plaintiff contends that §727(a)(5) applies based on Defendant's failure to account for Plaintiff's property located at the storage unit. The Court finds that Defendant's failure to account for Plaintiff's property is not conduct that falls within the scope of §727(a)(5). Section 727(a)(5), by its terms, is directed at debtors who have failed to explain the loss of assets that could be liquidated by the Trustee in satisfaction of the debtor's liabilities. The property at the storage unit was held in custody by the Debtor/Defendant, but was never an asset that could have been liquidated on behalf of Debtor/Defendant's creditors. The §727(a)(5) allegations do not state a claim upon which relief can be granted.

The Court will enter judgment consistent with this Memorandum of Decision.

### 

Date: December 1, 2015

Ernest M. Robles
United States Bankruptcy Judge

# Appendix A—Letter from Plaintiff's Psychologist

Ex A

**Empowered Living**
15300 Ventura Blvd., Suite 503-A
Sherman Oaks, CA 91403

Clinical Director
**Patti Johnson, Psy.D.**
Licensed Clinical Psychologist
License #: Psy23520
818-522-2941

Edward R. Roybal Federal Building and United States Courthouse
255 East Temple Street
Los Angeles, CA 90012

November 18, 2015

To Whom It May Concern;

I am writing this letter on behalf of my client, Kerri Young Conaway, who self-presented for a psychological evaluation, and therapy services this month. I have diagnosed Ms. Conaway with Acute Stress Disorder resulting from a series of events related to the prolonged and unresolved situation involving the recovery or compensation of her personal property. In addition, Ms. Conaway suffers from Panic Disorder, which is an acute anxiety disorder characterized by debilitating panic attacks. Ms. Conaway expressed extreme anxiety about appearing in court to settle this issue, and was on the verge of a panic attack, just discussing the situation. She has also suffered a series of losses, health problems, and has to provide care for her mother who has suffered a serious stroke, all of which exasperate her stress and anxiety.

Ms. Conaway appears to be a compassionate and sensitive person who has worked hard to understand and solve problems. However, as time has gone on, and the attempt to recover her property has remained unresolved despite her genuine efforts, her stress levels have evolved into panic attacks, difficulty sleeping, hopelessness, and clinical depression. A thorough diagnostic history suggests that her symptoms are situational, and not a propensity toward depression and anxiety in general.

In my professional opinion, Ms. Conaway's symptoms render her incapable to appear in court without experiencing severe anxiety and panic. Currently, Ms. Conaway is in a psychologically fragile state. For these reasons, I am asking for consideration in allowing Ms. Conaway to be represented in court by her counsel and other arrangements are made for her to provide her testimony without having to appear in the courtroom.

Sincerely,

*Patti Johnson*

Dr. Patti Johnson
Licensed Clinical Psychologist